UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>　　　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>BRAEWOOD HERITAGE ASSOCIATION, et al.,<br><br>　　　　　　　　　　　　Defendant(s). | Case No. 2:16-CV-1727 JCM (GWF)<br><br>ORDER |

　　　　Presently before the court is defendant Braewood Heritage Association's ("HOA") motion to dismiss. (ECF No. 13). Plaintiff U.S. Bank National Association as trustee for Harborview Mortgage Loan Trust 2005-10 mortgage loan pass through certificate series 2005-10 ("U.S. Bank") filed a response (ECF No. 17), to which the HOA replied (ECF No. 21).

**I.　　Facts**

　　　　This case involves a dispute over real property located at 3364 Royce Court, Las Vegas, Nevada ("the property"). (ECF No. 1 at 2). The property was purchased in 2004, with Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary to the deed of trust, which was recorded on August 31, 2015. (ECF No. 1 at 2–3). In 2013, a corporate assignment of deed of trust was recorded assigning beneficial interest in the property to U.S. Bank. (ECF No. 1 at 3).

　　　　In 2011, the HOA's trustee recorded a notice of delinquent assessment against the property. (ECF No. 1 at 4). Approximately one month after this notice was recorded, BAC Home Loans Servicing, LP ("BAC") (U.S. Bank's predecessor-in-interest) contacted the HOA's trustee

**James C. Mahan**
**U.S. District Judge**

regarding the amount of the lien. (ECF No. 1 at 4). The trustee never responded to the request so BAC was unable to pay the lien. (ECF No. 1 at 4).

Since the lien amount was never paid, the HOA's trustee filed a notice of foreclosure sale under notice of delinquent assessment lien against the property. (ECF No. 1 at 4). The foreclosure sale occurred on February 20, 2014, and the HOA purchased the property for $8,689.67. (ECF No. 1 at 4). Seven days after the sale, a foreclosure deed was recorded, and the HOA claimed its interest in the property. (ECF No. 1 at 4). The HOA then transferred its interest in the property nearly a year later via quitclaim deed to Ray Bell and Darren Olds ("buyers"). (ECF No. 1 at 4).

U.S. Bank alleges six causes of action: (1) quiet title against all defendants; (2) preliminary injunction against the buyers; (3) unjust enrichment against all defendants; (4) wrongful foreclosure against the HOA; (5) negligence against the HOA; and (6) negligence *per se* against the HOA. (ECF No. 1).[1]

In the instant motion, the HOA moves to dismiss the claims that were alleged against it under the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 13). The court will address each in turn.

## II.     Legal Standards

### A.  Fed R. Civ. Pro. 12(b)(1)

Under Fed. R. Civ. Pro. 12(b)(1), a defendant may move to dismiss a claim because the court lacks subject matter jurisdiction. Once the defendant moves to dismiss for lack of subject matter jurisdiction, the burden shifts to the plaintiff to show that the court does, in fact, have subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court has leeway to review evidence beyond that alleged in the complaint, so long as the court does not convert "the motion to dismiss into a motion for summary judgement." *Safe Air v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004).

. . .

. . .

---

[1] The HOA trustee, defendant Pro Forma Lien & Foreclosure Services, was voluntarily dismissed on January 6, 2017. (ECF No. 30).

**James C. Mahan**
**U.S. District Judge**

- 2 -

**B. Fed. R. Civ. Pro. 12(b)(6)**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that

are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. The court has subject matter jurisdiction because NRS 38.310 is an exhaustion statute and not a jurisdictional statute.

The HOA moves to dismiss the claims because U.S. Bank failed to mediate before the Real Estate Division of the Nevada Department of Business and Industry ("NRED"). (ECF No. 13 at 9–10). NRS 38.310 provides that:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). The statute further states that the court "shall dismiss any civil action" that does not conform to the above subsection. Nev. Rev. Stat. § 38.310(2). While a court is mandated under NRS 38.310(2) to dismiss certain state law claims when the statutory mandate is not met, this in no way affects the jurisdiction of this court under 28 U.S.C. § 1332. *See, e.g.*, *Carrington Mortg. Servs., LLC v. Absolute Bus. Sols., LLC.*, No. 2:15-cv-01862-JAD-PAL, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016). Thus, since NRS 38.310 is an exhaustion statute, and not a jurisdictional one, subject matter jurisdiction is governed by 28 U.S.C. § 1332. *Id.*

Title 28 U.S.C. § 1332 is met because the plaintiff is a citizen of a different state from all of the defendants, and the amount in controversy exceeds $75,000.00. (ECF No. 1 at 2). As a result, the court has subject matter jurisdiction.

#### B. The court will grant the HOA's motion to dismiss as to U.S. Bank's claims for wrongful foreclosure (claim four) and negligence (claim five) for failure to exhaust under NRS 38.310.

As mentioned above, NRS 38.310 requires that certain actions be submitted to mediation before a civil action commences in court. Nev. Rev. Stat. § 38.310(1). NRS 38.330(1) explains the procedure that the parties must go through in the mediation process. Nev. Rev. Stat. § 38.330(1). The statute goes on to explain that if—after the mediation process has occurred—an

James C. Mahan
U.S. District Judge

- 4 -

agreement was not obtained, then either party can file a complaint before a court, so long as a sworn statement is submitted with the complaint that "indicates that the issues addressed in the complaint have been mediated." Nev. Rev. Stat. § 38.330(1).

Here, U.S. Bank has submitted this dispute to NRED, but has not gone through the mediation process outlined in NRS 38.330(1). (ECF No. 17 at 7). U.S. Bank alleges that the submission of a claim to NRED is enough to satisfy the statutory mediation requirement under NRS 38.310. (ECF No. 17 at 7).

U.S. Bank misreads the statute. NRS 38.330(1) clearly requires that the mediation process begins and ends before the civil suit is filed. *See* Nev. Rev. Stat. § 38.330(1); *see also McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 558 (Nev. 2013). Once this process has ended, then the parties may take further action in the form of a lawsuit. *Nationstar Mortg., LLC. v. Desert Shores Cmty. Ass'n*, No. 2:15-cv-01776-KJD-CWH, 2016 WL 4134538, at *3 (D. Nev. Aug. 1, 2016). However, if the mediation ended without an agreement, then U.S. Bank would be obligated to submit a sworn statement. Nev. Rev. Stat. § 38.330(1). Thus, since the mediation never occurred, U.S. Bank did not exhaust its administrative remedies under NRS 38.330(1).

### 1. Wrongful Foreclosure

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12-CV-1367-JCM-PAL, 2013 WL 1145212, at *4 (D. Nev. Mar. 18, 2013) (quoting *Collins*, 662 P.2d at 623). Thus, in evaluating whether the HOA had the power to foreclose, it is necessary to interpret the covenants, conditions, and restrictions ("CC&Rs") that are "applicable to the residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559.

The court's power to interpret the CC&Rs fall under NRS 38.310, as described above, and require the parties to have gone through mediation before filing a claim in court. *Id.* Thus, since the requirements of NRS 38.330 were not met, the court will dismiss U.S. Bank's wrongful disclosure claim without prejudice.

**James C. Mahan**
**U.S. District Judge**

- 5 -

**2. Negligence**

A plaintiff must establish four elements to succeed on a negligence claim: (1) a duty of care; (2) a breach of that duty; (3) causation; and (4) damages. *Turner v. Mandalay Sport Entm't*, 180 P.3d 1172, 1175 (Nev. 2008).

To establish what duty the HOA had to U.S. Bank, the court needs to evaluate the terms of the CC&Rs. *See McKnight Family, L.L.P.*, 310 P.3d at 558. The terms of the CC&Rs is where the HOA's duties to U.S. Bank, regarding, among other things, allowing U.S. Bank to "cure the super-priority lien," are fully explained. (ECF No. 1 at 14). Therefore, U.S. Bank's negligence claim is subject to NRS 38.330's exhaustion requirements.

Since the parties did not fully mediate this issue under NRS 38.330(1), the court will dismiss U.S. Bank's negligence claim without prejudice.

**C. The court will grant the HOA's motion to dismiss as to U.S. Bank's unjust enrichment claim (claim three) because the complaint did not adequately state a claim upon which relief can be granted.**

A plaintiff must establish three elements to succeed on an unjust enrichment claim: (1) the plaintiff conferred a benefit onto the defendant; (2) the defendant appreciates this benefit; and (3) it would be inequitable for the defendant to accept and retain this benefit without payment of the benefit's value to the plaintiff. *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012).

Here, there is no indication in the complaint that U.S. Bank conferred any benefit onto the HOA. Arguably, the individuals who owned the home prior to the buyers conferred a benefit onto the HOA in the form of HOA fees. However, the facts set forth in the complaint fail to sufficiently allege that U.S. Bank conferred a benefit onto the HOA, nor does it identify any such benefit. Therefore, because there is no factual basis in the complaint to show that U.S. Bank conferred a benefit onto the HOA, the court will dismiss the unjust enrichment claim without prejudice.

Even if U.S. Bank did confer a benefit onto the HOA, the court would need to interpret the CC&Rs to evaluate whether it would be "inequitable" for the defendant to "accept and retain" benefits such as "insurance" and "homeowner's association assessments." *See Carrington Mortg. Servs., LLC*, 2016 WL 1465339, at *3 ("Adjudication of [an unjust enrichment] claim will likely

**James C. Mahan**
**U.S. District Judge**

- 6 -

1    require the court to reference the CC&Rs to determine which assessments and charges the HOA
2    was authorized to impose and which assessments and charges formed the basis for its lien"). Thus,
3    dismissal of the unjust enrichment claim is also appropriate under NRS 38.330 as U.S. Bank has
4    not exhausted its administrative remedies through mediation.

5         **D. The court will deny the HOA's motion to dismiss as to U.S. Bank's quiet title claim (claim one) because the complaint adequately stated a claim upon which relief can be granted.**
6

7        A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine
8    who holds superior title to a land parcel." *McKnight Family, L.L.P.*, 310 P.3d at 559. A claim to
9    quiet title does not require a party to prove "any particular elements," but rather, the party must
10   prove "his or her own claim to the property in question." *Chapman v. Deutsche Bank Nat'l Trust*
11   *Co.*, 302 P.3d 1103, 1106 (Nev. 2013).

12       U.S. Bank alleges that the foreclosure sale was invalid, and does not extinguish its title in
13   the property; therefore, its interest "retains its first position status in the chain of title." (ECF No.
14   1 at 11). In support, U.S. Bank asserts that neither it, nor its predecessors-in-interest, received
15   notice of the foreclosure sale. (ECF No.1 at 6). U.S. Bank maintains that without adequate notice,
16   the foreclosure sale is invalid as violating its due process rights.

17       At this stage, U.S. Bank has alleged enough to plausibly state a quiet title claim. U.S. Bank
18   is not obligated to prove its legal case, or assert a "precise legal theory" as to why they are right at
19   this stage of the proceedings. *Skinner v. Switzer*, 562 U.S. 521, 530 (2011); *see also Scott v. Mortg.*
20   *Elec. Registration Sys.*, 605 F. App'x 598, 599 (9th Cir. 2015) (finding that the plaintiff needed
21   only to show that it was plausible that he may be entitled to the equitable relief of quiet title by
22   pleading facts that show that he had some interest in the land). The court denies the HOA's motion
23   to dismiss because U.S. Bank has alleged enough on the face of the complaint to withstand a
24   12(b)(6) motion to dismiss.

25        **E. The court will grant the HOA's motion to dismiss as to U.S. Bank's negligence *per se* claim (claim six) because the complaint did not adequately state a claim upon which relief can be granted.**
26

27       A plaintiff establishes a negligence *per se* claim by showing that a statute creates a duty,
28   and that a violation of that statute constitutes a breach. *Torrebela v. Kesmetis*, 178 P.3d 716, 721

**James C. Mahan**
**U.S. District Judge**

- 7 -

1  (Nev. 2008). The plaintiff must then show that the violation of the statute caused the damages that
2  he or she is alleging. *See Sagebrush Ltd. v. Carson City*, 660 P.2d 1013, 1015 (Nev. 1983) ("A
3  violation of a statute establishes [only] the duty and breach elements of negligence."). The duty
4  and breach elements of negligence may be established under negligence *per se* only if the injured
5  party is of the class of people that the statute intended to protect and the alleged injury was of the
6  type that the statute intended to protect from. *Id.*

7  Here, U.S. Bank alleges that its predecessor-in-interest contacted the HOA to request to
8  pay off the lien before the sale occurred. (ECF No. 1 at 4). U.S. Bank alleges that the HOA never
9  responded, and therefore it was unable to pay off the amount before the sale. (ECF No. 1 at 4).
10 U.S. bank alleges that this is a violation of a duty imposed by NRS 116. (ECF No. 1 at 15).

11 Assuming, *arguendo*, that a violation of NRS chapter 116 can constitute a negligence *per*
12 *se* claim, U.S. Bank fails to provide any facts to support its conclusory allegations that the statute
13 (1) was attempting to protect U.S. Bank and (2) that the injury U.S. Bank suffered was the type of
14 injury that the statute was trying to protect from. In the complaint, U.S. Bank merely alleges that
15 "U.S. Bank is a member of the class that NRS 116 is trying to protect" and that "the injury that
16 U.S. Bank faces—extinguishment of its first position Deed of Trust—is the type against which
17 NRS Chapter 116 is intended to protect." (ECF No. 1 at 15). These two conclusory statements are
18 insufficient to state a claim.

19 Thus, the court will grant the motion to dismiss as to the negligence *per se* claim without
20 prejudice.

21 **IV.   Conclusion**

22 In sum, the court will grant the HOA's motion to dismiss as to all claims except for the
23 quiet title claim.

24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED IN PART and DENIED IN PART, consistent with the foregoing.

DATED February 10, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**