UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>BRAEWOOD HERITAGE ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-1727 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Braewood Heritage Association's (the "HOA") motion for summary judgment (ECF No. 33). Plaintiff U.S. Bank National Association ("U.S. Bank") filed a response (ECF No. 36), to which the HOA replied (ECF No. 39).

Also before the court is U.S. Bank's motion for summary judgment. (ECF No. 34). The HOA filed a response (ECF No. 35), to which U.S. Bank replied (ECF No. 40).

Also before the court is U.S. Bank's motion for ruling regarding U.S. Bank's motion for summary judgment. (ECF No. 41).

**I.    Facts**

This case involves a dispute over real property located at 3364 Royce Court, Las Vegas, Nevada ("the property"). (ECF No. 1 at 2). Lila Secara (the "borrower") purchased the property in July 2005. (ECF No. 34 at 3). The borrower obtained a loan in the amount of $176,000.00, repayment of which was secured by a deed of trust. *Id.*

The deed of trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary to the deed of trust. (ECF No. 1 at 2–3). On January 14, 2013, a corporate

**James C. Mahan**
**U.S. District Judge**

assignment of deed of trust was recorded assigning beneficial interest in the property to U.S. Bank. (ECF No. 1 at 3).

On January 4, 2011, the HOA's trustee recorded a notice of delinquent assessment lien against the property. (ECF No. 1 at 4). On February 22, 2011 the trustee recorded a notice of default and election to sell real property to satisfy assessment lien against the property. (ECF No. 1 at 4). On March 23, 2011, BAC Home Loans Servicing, LP ("BAC") (U.S. Bank's predecessor-in-interest) contacted the HOA's trustee to request the amount to pay off the super-priority portion of the HOA lien. (ECF No. 1 at 4). The trustee never responded to the request, so BAC was unable to tender the amount. (ECF No. 1 at 4).

On December 18, 2012, the HOA's trustee filed a notice of foreclosure sale under notice of delinquent assessment lien against the property. (ECF No. 1 at 4). The foreclosure sale occurred on February 13, 2014, and the HOA purchased the property for $8,689.67. (ECF No. 1 at 4). Seven days after the sale, a foreclosure deed was recorded, and the HOA claimed its interest in the property. (ECF No. 1 at 4). On December 11, 2015, the HOA then transferred its interest in the property via quitclaim deed to Ray Bell and Darren Olds ("buyers"). (ECF No. 1 at 4).

U.S. Bank alleged six causes of action: (1) quiet title against all defendants; (2) preliminary injunction against the buyers; (3) unjust enrichment against all defendants; (4) wrongful foreclosure against the HOA; (5) negligence against the HOA; and (6) negligence per se against the HOA. (ECF No. 1).[1]

On August 17, 2016, the HOA moved to dismiss U.S. Bank's complaint. (ECF No. 13). On February 10, 2017, the court granted the HOA's motion to dismiss as to all claims except for U.S. Bank's quiet title claim. (ECF No. 31).

In the instant motions, U.S. Bank and the HOA move for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF Nos. 33, 34).

. . .

. . .

---

[1] The HOA trustee, defendant Pro Forma Lien & Foreclosure Services, was voluntarily dismissed on January 6, 2017. (ECF No. 30).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

**James C. Mahan**
**U.S. District Judge**

- 3 -

*Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

**A. Deed Recitals**[2]

Section 116.3116(1) of the NRS gives an HOA a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Moreover, NRS 116.3116(2) gives priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investment Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id.* at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

Subsection (1) of NRS 116.31166 provides that the recitals in a deed made pursuant to NRS 116.31164 of the following are conclusive proof of the matters recited:

> (a) Default, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell;
> (b) The elapsing of the 90 days; and
> (c) The giving of notice of sale[.]

Nev. Rev. Stat. § 116.31166(1)(a)–(c).[3] "The 'conclusive' recitals concern default, notice, and publication of the [notice of sale], all statutory prerequisites to a valid HOA lien foreclosure sale

---

[2] The 2015 Legislature revised Chapter 116 substantially. 2015 Nev. Stat., ch. 266. Except where otherwise indicated, the references in this order to statutes codified in NRS Chapter 116 are to the version of the statutes in effect in 2010–14, when the events giving rise to this litigation occurred.

[3] The statute further provides as follows:

as stated in NRS 116.31162 through NRS 116.31164, the sections that immediately precede and give context to NRS 116.31166." *Shadow Wood*, 366 P.3d at 1110.

Based on *Shadow Wood*, the recitals therein are conclusive evidence that the foreclosure lien statutes were complied with—*i.e.*, that the foreclosure sale was proper. *See id.*; *see also Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *2 (Nev. App. Apr. 17, 2017) ("And because the recitals were conclusive evidence, the district court did not err in finding that no genuine issues of material fact remained regarding whether the foreclosure sale was proper and granting summary judgment in favor of SFR."). Therefore, pursuant to *SFR Investments*, NRS 116.3116, and the recorded trustee's deed upon sale in favor of the HOA, the foreclosure sale was proper and extinguished the first deed of trust.

Notwithstanding, and despite the HOA's contentions, the court retains the equitable authority to consider quiet title actions when a HOA's foreclosure deed contains statutorily conclusive recitals. *See Shadow Wood Homeowners Assoc.*, 366 P.3d at 1112 ("When sitting in equity . . . courts must consider the entirety of the circumstances that bear upon the equities. This includes considering the status and actions of all parties involved, including whether an innocent party may be harmed by granting the desired relief."). Accordingly, to withstand summary judgment in the HOA's favor, U.S. Bank must raise colorable equitable challenges to the foreclosure sale or set forth evidence demonstrating fraud, unfairness, or oppression.

---

2. Such a deed containing those recitals is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons. The receipt for the purchase money contained in such a deed is sufficient to discharge the purchaser from obligation to see to the proper application of the purchase money.

3. The sale of a unit pursuant to NRS 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption.

Nev. Rev. Stat. § 116.31166(2)–(3).

In its motion for summary judgment, U.S. Bank argues that the foreclosure was void *ab initio* because the NRS 116.3116 statute was facially unconstitutional pursuant to *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017) ("*Bourne Valley*") and thus actual notice is immaterial. (ECF No. 34).

While the court will analyze U.S. Bank's equitable challenge regarding its quiet title, the court notes that the failure to utilize legal remedies makes granting equitable remedies unlikely. *See Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users Ass'n*, 646 P.2d 549, 551 (Nev. 1982) (declining to allow equitable relief because an adequate remedy existed at law). Simply ignoring legal remedies does not open the door to equitable relief.

**B. Due Process**

U.S. Bank argues that the HOA lien statute is facially unconstitutional because it does not mandate notice to deed of trust beneficiaries. (ECF No. 34). U.S. Bank further contends that any factual issues concerning actual notice are irrelevant pursuant to *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*"). (ECF No. 34). Thus, U.S. Bank argues that the HOA sale did not extinguish the deed of trust. (ECF No. 34).

The Ninth Circuit held that NRS 116.3116's "opt-in" notice scheme, which required a HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. *Bourne Valley*, 832 F.3d at 1157–58. The facially unconstitutional provision, as identified in *Bourne Valley*, exists in NRS 116.31163(2). *See id.* at 1158. At issue is the "opt-in" provision that unconstitutionally shifts the notice burden to holders of the property interest at risk. *See id.*

To state a procedural due process claim, movants must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). U.S. Bank has satisfied the first element, as a deed of trust is a property interest under Nevada law. *See* Nev. Rev. Stat. § 107.020 *et seq.*; *see also Mennonite Bd. of Missions v. Adams*,

462 U.S. 791, 798 (1983) (stating that "a mortgagee possesses a substantial property interest that is significantly affected by a tax sale"). However, U.S. Bank fails on the second prong.

Due process does not require actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, it requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Bourne Valley*, 832 F.3d at 1158.

Here, adequate notice was given to the interested parties prior to extinguishing a property right. The HOA recorded the notice of trustee's sale (ECF No. 1) and sent copies by certified mail to all interested parties including U.S. Bank's predecessor-in-interest (ECF No. 35).

As a result, the notice of trustee's sale was sufficient notice to cure any constitutional defect inherent in NRS 116.31163(2), as it put U.S. Bank's predecessor-in-interest on notice that its interest was subject to pendency of action and offered all of the required information. Thus, U.S. Bank's motion for summary judgment will be denied as to this issue.

**IV.     Conclusion**

In light of the aforementioned, the court finds that U.S. Bank has failed to raise a genuine dispute so as to preclude summary judgment in favor of the HOA on its quiet title claim. Nor has U.S. Bank established that it is entitled to summary judgment in its favor. U.S. Bank did not meet its burden to show that no genuine issues of material fact existed regarding constitutionally sufficient notice.

Accordingly, the court will grant the HOA's motion for summary judgment (ECF No. 33) on its quiet title claim against U.S. Bank and deny U.S. Bank's motion for summary judgment (ECF No. 34).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion for summary judgment (ECF No. 33) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that U.S. Bank's motion for summary judgment (ECF No. 34) be, and the same hereby is, DENIED.

1     IT IS FURTHER ORDERED that U.S. Bank's motion for ruling regarding U.S. Bank's summary judgment motion (ECF No. 41) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED May 7, 2018.

                                            /s/ James C. Mahan
                                            UNITED STATES DISTRICT JUDGE